
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company, | No. 12-57320 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 3:09-cv-00500-WQH-BGS |
| v. | |
| NIKE, INC., an Oregon corporation, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 5, 2015
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges, and CARR, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Bauer Bros. LLC appeals the district court's exclusion of certain evidence pursuant to Federal Rule of Civil Procedure 37(c)(1) and its grant of summary judgment in favor of Nike, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.[1]

1. Reviewing for abuse of discretion, *see Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014), we find no error in the district court's exclusion of Bauer Bros.' untimely-disclosed silkscreen evidence on the ground that the evidence fell within the ambit of Bauer Bros.' disclosure obligations pursuant to Federal Rule of Civil Procedure 26. Likewise, the district court did not abuse its discretion in finding that the untimely disclosure was not "substantially justified" or "harmless." *See* Fed. R. Civ. P. 37(c)(1). We therefore affirm the district court's exclusion of the silkscreen evidence.

2. Reviewing de novo, *see Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012), we find that the district court erred in granting summary judgment to Nike on the issue of priority of use. While Nike presented some evidence calling into question the date of first use in commerce set forth in

---

[1] Bauer Bros.' request for judicial notice is DENIED because the materials appended thereto "are not relevant to the resolution of this appeal." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

Bauer Bros.' trademark registration applications, that evidence is not sufficient, on summary judgment, for Nike to meet its burden to overcome the presumptive first use in commerce date arising from those applications. *See* 15 U.S.C. § 1115; *Brookfield Comm'cns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1051 n.13 (9th Cir. 1999); *Sengoku Works Ltd. v. RMS Intern., Ltd.*, 96 F.3d 1217, 1219–20 (9th Cir. 1996). This conclusion is bolstered by the fact that Luke Bauer attested that Bauer Bros. was using both of the relevant marks on T-shirts prior to the filing of the respective trademark applications. Nike's arguments regarding Luke Bauer's credibility are appropriately addressed at trial, not on summary judgment. *See, e.g.*, *SEC v. Koracorp Indus., Inc.*, 575 F.2d 692, 699 (9th Cir. 1978). Thus, we reverse the district court's grant of summary judgment in favor of Nike on the issue of priority of use and remand for proceedings consistent with this memorandum.[2]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

The parties shall bear their own costs.

---

[2] Of course, the district court is free on remand to revisit its ruling excluding evidence and the parties' other summary judgment motions that it previously denied as moot.